**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| BRIANNA BROOKE MCCORMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:25-cv-00046-MTS |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [2]. As the title of Plaintiff's Application suggests, the question here is *when* Plaintiff must pay the filing fee. As a "prisoner," as that term is used in the Prison Litigation Reform Act, Plaintiff must pay the entire amount of the filing fee for this case. *See* 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) (noting the Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action"). The "only issue" before the Court is whether Plaintiff must pay "the entire filing fee" now or pay it "in installments over a period of time." *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam). Because the Court finds that Plaintiff is able to prepay the entire filing fee, the Court will deny her Application.

Plaintiff's Application states that she has received around $2,500 from friends and family over the last twelve months along with $150 in wages from the Missouri

Department of Corrections. *Id.* It also states that she has *no* "regular monthly expenses." *Id.* A review of her certified inmate account statement reveals that she received more than $700 in deposits, from at least six individuals, in the six-week period between the date she signed her Complaint and the statement date. Doc. [6]. In that period, she spent around $450 on canteen purchases.* *Id.* With the State of Missouri already providing for her "basic necessities of life," Plaintiff's purchases amount to much more than "some small physical and material comforts." *See In re Williamson*, 786 F.2d 1336, 1339 (8th Cir. 1986); *see also Allen v. Cuomo*, 100 F.3d 253, 261 (2d Cir. 1996) (recognizing that prisoners' "essential needs, such as food, shelter, clothing and medical care are provided by the state"); *cf.* 28 U.S.C. § 1915(b)(2) (requiring partial payments to be made to the court each time a prisoner-litigant's account balance exceeds a mere $10).

Given the amount of deposits Plaintiff regularly receives and Plaintiff's current inmate account balance, Plaintiff can prepay the filing fee here "without undue hardship." *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Requiring Plaintiff to prepay the statutorily mandated filing fee, *see* 28 U.S.C. § 1914(a), will not deprive her of "the necessities of life" nor, by any measure, render her "absolutely destitute." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Court therefore will require Plaintiff to prepay the entire $405 filing fee in this matter, but the Court will provide Plaintiff sixty (60) days to do so.

---

* Her account statement shows that she expended around an additional $150 on "Kiosk Purchase[s]" over that same period. Doc. [6]. The fact that Plaintiff has spent much of her deposited funds is of no moment. She received them and spent them *after* filing her action. Prisoners may not intentionally deplete their trust accounts just to avoid paying filing fees. *See Sultan v. Fenoglio*, 775 F.3d 888, 891 (7th Cir. 2015).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2], is **DENIED**.  No later than **Tuesday, October 14, 2025**, Plaintiff must prepay the $405 filing fee in full.  **Failure to timely do so may result in the dismissal of this action without further notice.**

Dated this 13th day of August 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE